IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

RECEIVED
CLERK'S OFFICE
2013 MAR 28  AM 8: 47
U.S. DISTRICT COURT
MIDDLE DIST. OF GEORGIA
MACON, GEORGIA

Plaintiff:
Edward Lamar Bloodworth

Vs

Defendants:
The United States of America
Federal Protective Services
Eighteen Unknown Federal
Protective Service Agents of
The Federal Protective Service
sued in their individual capacities

Civil Case No. **5:13-CV-112**

COMPLAINT FOR CONSTITUTIONAL
RIGHTS VIOLATIONS

## COMPLAINT

### Jurisdiction

1. This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C§ 2671 and the Fourth and Fifth Amendments to the United States Constitution, 28 U.S.C.§§ 1331 and 1346(b).

2. On September 12, 2012 plaintiff submitted an Administrative Claim to the Federal Protective Service for the claim set forth below. Six months have elapsed therefore the conditions of the Federal Tort Claims Act have been met.

3. Venue is properly within the Middle District of Georgia as the plaintiff resides in Bibb County, Georgia.

4. Before plaintiff became aware of the fact that an Administrative Claim was a prerequisite to a Federal Lawsuit, plaintiff did in fact file a Federal Lawsuit in this Court. The Honorable Marc Thomas Treadwell adjudicated that case to its finality in August 2012.

Parties

5. The United States of America and Federal Protective Services are appropriate defendants under the Federal Tort Claims Act.

6. The Unknown Agents are sued in their individual capacities.

Statement of Facts

7. On May 25, 2011 plaintiff traveled from Macon, Georgia to Atlanta, Georgia to 180 Spring Street, the Atlanta Immigration Court Building. He was there in compliance with a Court Order to appear and to present 601 application documents to the Court. He was also there to secure an Order for medical treatment for his wife, a stage three cancer patient, who was currently being denied essential medical treatment while being detained. These urgent matters were to be the focus and presumed outcome of this hearing.

8. Approximately five minutes before the hearing was to begin about six agents from FPS and others confronted the plaintiff. As they surrounded him, he was bullied, intimidated and forced to leave the corridor waiting area and told to come with the agents to the lobby of the building. Plaintiff was verbally and physically assaulted while being led to the lobby of the building. He was threatened with arrest and bodily injury by agents brandishing handcuffs and with their hands firmly gripped to their individual weapons as they walked.

9. As this encounter was ongoing plaintiff asked the agents, "what is this all about and why am I being denied access to the Court? He also told the agents that he was ordered by the Judge to bring the documents in his possession to the Court on this day. One agent snatched the documents from plaintiff's hands rummaged them and eventually returned them by forcefully shoving the documents into the plaintiff's chest, chin and facial area. Another agent stated" you will not be delivering papers in this building today or any other day".

10. In order to document this nightmare plaintiff asked the agents for their names and identification numbers to which another agent replied " my name and identification are none of your damn business". Plaintiff then attempted to observe the names or identification on the uniform shirts of the agents even as they turned in such a manner as to further hide their identities from the plaintiff. The agents were not satisfied to have the plaintiff leave the building they then forced plaintiff onto the sidewalk of Spring Street for all to see. Plaintiff endured even more humiliation as pedestrians stopped to view the spectacle of this assault by these Federal Agents.

11. The plaintiff did not refuse to obey the abusive commands of the agents nor did he attempt to provoke them. He also did not seek to enhance the severity of this situation. He peacefully left the area as instructed by the agents and returned to Macon, Georgia where he resides.

12. The above described actions by these defendants set into a motion a chain of events that would eventually lead to unbearable torment, financial ruin and emotional and psychological disaster for the plaintiff. Those future actions and events are described herein.

13. Immigration Law provides for a 601 waiver merits hearing provided a 585.00 dollar fee has been prepaid for the application and subsequent hearing. In order to prevail a Respondent and a spouse must give detailed and convincing testimony before a Court as to the nature of the hardship that would occur for the spouse should the Respondent be denied a Visa. Plaintiff and his wife paid the fee as demanded by the Government only to be denied access to Court on May 25, 2011 and to six other future scheduled hearings as well. The Government cannot extract a fee with the promise of a hearing or hearings at a future date only to continually deny access to Court to present testimony that is required under the 601 provision. This is exactly the situation that plaintiff endured for six more hearings and almost a one year time span.

14. The May 25, 2011 hearing was rescheduled for June 8, 2011. Plaintiff was not allowed to attend and another hearing was scheduled for June 29, 2011.

15 The plaintiff was not allowed to attend the June 29, 2011 hearing and another hearing was scheduled for July 7, 2011. Again plaintiff was not allowed to attend and another hearing was scheduled for September 14, 2011.

16. On September 14, 2011 with great fear and hesitation plaintiff again entered the security area of the Immigration Court Building. He understood that without his presence in Court that this nightmare would continue for him and his wife. His wife was his main concern in this matter. Upon entry plaintiff soon realized that his name had been placed on a So-Called Alert List being maintained in the FPS computer system. Quickly a FPS supervisor appeared from nowhere, peered into the computer monitor, looked up at the terrified plaintiff and stated "you know you cannot come in right". The plaintiff was not allowed in and returned to Macon Georgia.

17. Yet another hearing was scheduled for October 28, 2011, plaintiff was not allowed t to attend and another hearing was scheduled for December 8. 2011.

18. Because his wife needed him to do so, the plaintiff reluctantly returned to the Atlanta Immigration Court Building on December 8, 2011. On this occasion he was met by ten or fifteen FPS agents and others who sufficiently denied the plaintiff of entering the building and to complete the business he had come to do.

19. Plaintiff later learned form a Freedom of Information Act request that he had been the victim of a conspiracy between several Federal Agencies including Immigration and Customs Enforcement, Executive Office of Immigration Review, Immigration Court and its full staff. Those agencies were joined with the Federal Protective Service and it agents in complete cooperation and unlimited participation in this conspiracy. The Federal Protective Service and its agents acted with full force and efficiency to commit the above described illegal acts.

20. The actions of these agents were undertaken in violation of the laws of the State of Georgia and the Fourth and Fifth Amendments to the United States Constitution.

21. As a sixty-two year old United States citizen and the victim of the endless above described actions of these defendants he finds this entire situation to be demoralizing, humiliating, emotionally and psychologically abusive. The on again off again encounters with these defendants have left plaintiff in financial ruin of being forced to finance at least three lawyers and all their fees, the travel expenses and all other costs associated with this matter over a period of almost one year. He has endured a psychological toll forced upon him by these defendants with their unlawful conduct and actions. He has a sleep disorder and sometimes is unable to concentrate on the day to day activities of life. He continues to this day to feel the effects and recurring thoughts of the despair and desperation endured during this period of time. It has also shattered his sense of personal security that he once enjoyed as a United States Citizen.

22. In addition to the drain and waste of the plaintiff's personal finances with scheduling and rescheduling of court dates in this matter, it has also been a complete waste of the Government's financial resources as well.

## First Cause of Action

The warrantless detention and searches by the Federal Protective Service agents constitute assault, battery, false imprisonment and invasion of privacy and also constitute intentional intimidation and intentional or negligent infliction of emotional distress for the plaintiff under the laws of the State of Georgia. Under the Federal Tort Claims Act, defendants United States of America and Federal Protective Services are liable for the above described actions of these agents as they were acting within the scope of their employment as federal law enforcement officers for the United States of America and its Federal Protective Service.

## Second Cause of Action

The actions of the agents violated the rights of the plaintiff to be free from unreasonable detention and search under the Fourth Amendment and to the equal protection and due process of law under the Fifth Amendment. The agents acted with recklessness and with callous indifference to and total disregard for the rights of the plaintiff.

## Third Cause of Action

Plaintiff has personal knowledge of at least three other Federal Lawsuits pending in the Northern District of Georgia against these same defendants in the Atlanta Georgia jurisdiction. Their activity was already being scrutinized by Sixth Circuit Federal Appeals Court Judge Damon Keith. In 2010 written opinion Judge Keith issues a scathing rebuke to those who would attempt to block access to a building thus a courtroom without just cause. In his opinion he declares " Democracies die behind closed doors as selective and closed information is misinformation". Plaintiff agrees with Judge Keith's opinion and further states that he has a Constitutional Right to enter a public building and present testimony before a Court especially since he had already satisfied a financial requirement to do so. As a further note these Federal defendants have a documented history of denying access to a courtroom. Plaintiff asserts the defendants were simply continuing an old pattern of unlawful behavior when he attempted to enter a courtroom on May 25, 2011 and on six other occasions in 2011. Accordingly his Constitutional Rights were trounced by the defendants.

WHEREFORE, plaintiff requests this Court to award compensatory damages against the United States of America of no less than 75,000.00 dollars or an amount to be determined at trial and compensatory and punitive damages of an amount of no less than 175,000.00 dollars against Unknown Agents acting in their individual capacities or an amount to be determined at trial. He also requests an Order from the Court to remove plaintiff's name from a So-Called Alert List currently being maintained by these Federal Defendants. Plaintiff further requests this Court to award any other relief deemed reasonable.

Respectfully Submitted,

*Edward Lamar Bloodworth*
Edward Lamar Bloodworth
P.O. Box 27193
Macon, Georgia 31221