IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

Plaintiff:
Edward Lamar Bloodworth

Vs

Civil Case No. 5:13-cv-112

Defendants:
United States of America
Federal Protective Services
Eighteen Unknown Federal
Protective Service Agents of
the Federal Protective Service
sued in their individual capacities

## ADDITIONAL BACKGROUND

1. In addition to the claims filed in this Court plaintiff wishes to add these facts to his claim.
2. Plaintiff has written four previous letters to Frank R. Levi requesting a certified copy of the denial of the Administrative Claim he filed on September 12, 2012.
3. To this date Mr. Levi has ignored this Court's August 12, 2012 Order that instructs plaintiff to obtain a certified denial in this matter.
4. Mr. Levi's refusal to do his job only emphasizes the plaintiff's set forth damage claims and further delays plaintiff's action being adjudicated in this Court.
5. In fact, Mr. Levi has not written or communicated with plaintiff in any manner whatsoever since September 12, 2012 and further illustrates the incompetence on display in this entire matter.

Respectfully Submitted,

*Edward Lamar Bloodworth*
Edward Lamar Bloodworth

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| EDWARD LAMAR BLOODWORTH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES DEPARTMENT OF ) <br> JUSTICE, EXECUTIVE OFFICE OF ) <br> IMMIGRATION REVIEW, IMMIGRATION ) <br> AND CUSTOMS ENFORCEMENT, and ) <br> ATLANTA IMMIGRATION COURT, ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION NO. 5:12-CV-20 (MTT) |

## ORDER

This matter is before the Court on the Defendants' Motion to Dismiss. (Doc. 24). The Plaintiff concedes that he did not file an administrative claim, which is a prerequisite to a Federal Tort Claims Act action. See 28 U.S.C. § 2675(a) (An action *shall* not be instituted upon a claim against the United States for money damages ..., unless the claimant *shall* have first presented the claim to the appropriate Federal agency and his claim *shall* have been finally denied by the agency in writing and sent by certified or registered mail.") (emphasis added). This is not to say the Plaintiff's claim lacks merit; this Order means this action is administratively barred. The Motion is **GRANTED** and this action is **DISMISSED without prejudice**.

**SO ORDERED**, this 10th day of August, 2012.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT



Office of the General Counsel
U.S. Department of Homeland Security
Washington, DC 20528

September 17, 2012

Edward L. Bloodworth
P.O. Box 27193
Macon, GA 31221

Re:   Administrative Claim – Edward L. Bloodworth

Dear Mr. Bloodworth:

This letter will serve to document agency receipt of the administrative claim you filed pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C, §§ 1346(b), 2671-2680. The claim alleges that on six different occasions in 2011, the Federal Protective Security, a component of the Department of Homeland Security, violated your constitutional rights to enter an Immigration Court courtroom.

The claim was received by the Federal Protective Service on September 12, 2012, which will serve as the date of filing with the appropriate federal agency. Under the FTCA, federal agencies have six months from the date of filing to adjudicate an administrative claim, after which time the claimant is permitted to file suit in Federal District Court.

I will begin the process of investigating the claim and make my recommendations to the Department's claim settlement authority. If you have any additional documentation or information that you would like us to consider in our review of this claim please send it to me as soon as possible. If you have any questions please feel free to call.

Sincerely,

Frank R. Levi
General Law Division
Office of the General Counsel
Department of Homeland Security
800 North Capitol Street, NW (Suite 500)
Washington, DC 20002
202-732-8113 office
202-732-0259 fax
frank.levi1@dhs.gov