IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| **Edward Lamar Bloodworth** | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No.: 5:13cv112 (CDL) |
| v. | * | |
| | * | |
| **United States of America, Federal** | * | |
| **Protective Services, Eighteen Unknown** | * | |
| **Federal Protective Service Agents of the** | * | |
| **Federal Protective Service sued in** | * | |
| **their individual capacities** | * | |
| | * | |
| Defendant(s). | * | |
| | * | |

## ANSWER

COMES NOW Defendant, United States of America, by and through the United States Attorney for the Middle District of Georgia, and for its answer to Plaintiff's Complaint shows the following:

### FIRST DEFENSE

Plaintiff is not entitled to relief because the injuries alleged in the complaint were not proximately caused by any negligent or wrongful act or omission by any employee or agent of the Defendant, the United States of America.

### SECOND DEFENSE

Plaintiff is not entitled to relief because Defendant, and its agents and employees, did not breach any duty of care in connection with the allegations of the Plaintiffs' Complaint.

### THIRD DEFENSE

Plaintiff is not entitled to relief because the Complaint, in whole or in part, fails to state a claim against Defendant upon which relief can be granted.

**FOURTH DEFENSE**

The Affirmative Defenses that have been asserted heretofore in this Answer to Plaintiff's Complaint are not exhaustive. The Defendant hereby expressly reserves the right to amend this Answer to bring additional Affirmative Defenses over the course of this action, as the facts and evidence may warrant.

**FIFTH DEFENSE**

The Defendant answers the specific allegations contained in the numbered paragraphs of the Plaintiffs' Complaint as follows:

1. The allegations in Paragraph 1 are conclusions of law, to which no response is required. To the extent a response may be required, Defendant admits that this suit is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671, *et. seq.*, and the 4th and 5th Amendments to the United States Constitution. Defendant denies the remaining allegations contained in Paragraph 1 of the Complaint.

2. Defendant admits that Plaintiff submitted an administrative claim to the Federal Protective Service ("FPS") and that claim was denied on April 8, 2013. The remaining statements in Paragraph 2 are conclusions of law, to which no response is required. Defendant denies the remaining allegations in Paragraph 2 of the Complaint.

3. Defendant admits that venue is proper in the Middle District of Georgia as alleged in Paragraph 3 of the Complaint.

4. Defendant admits that Plaintiff previously filed a related suit in the Middle District of Georgia and that it was dismissed. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 4 of the Complaint and consequently denies the same.

5. The allegations in Paragraph 5 of the Complaint are conclusions of law, to which no response is required. To the extent a response may be required, Defendant admits that the United States is a proper party in a Federal Tort Claims Act suit. However, Defendant denies that FPS is a proper party. Defendant denies the remaining allegations in Paragraph 5 of the Complaint.

6. The allegations in Paragraph 6 of the Complaint are conclusions of law, to which no response is required.

7. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 7 of the Complaint and consequently denies the same.

8. Defendant denies the allegations in Paragraphs 8 through 12 of the Complaint.

9. The legal conclusions in Paragraph 13 of the Complaint require no response. To the extent a response may be required, Defendant denies those and the remaining allegations in Paragraph 13 of the Complaint.

10. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraphs 14 through 19 of the Complaint and consequently denies the same.

11. The allegations in Paragraph 20 of the Complaint are conclusions of law, to which no response is required. To the extent a response may be required, Defendant denies the same.

12. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraphs 21 and 22 of the Complaint and consequently denies the same.

13. Defendant denies the allegations in Paragraphs "First Cause of Action" and "Second Cause of Action" of the Complaint.

14. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph "Third Cause of Action" of the Complaint and consequently denies the same.

15. In response to the allegations in Paragraph "Additional Background" of the Complaint, Defendant admits that Frank Levi serves as agency counsel to FPS.  As such, Mr. Levi acknowledged the filing of the administrative claim in writing and informed Plaintiff that Plaintiff was permitted to file suit in the United States District Court after 6 months.  The administrative claim was denied on April 8, 2013.  Defendant denies the remaining allegations in Paragraph "Additional Background" of the Complaint.

16. All allegations not specifically admitted or denied are hereby denied.

WHEREFORE, Defendant respectfully requests that this Honorable Court enter judgment in its favor, that all costs be assessed against the Plaintiff, and grant any other relief this Court deems, just, equitable, and proper.

    Respectfully submitted,

    MICHAEL J. MOORE
    UNITED STATES ATTORNEY

BY:   *s/ Sheetul S. Wall*
    SHEETUL S. WALL
    ASSISTANT UNITED STATES ATTORNEY
    Georgia Bar No. 734724

United States Attorney's Office
P. O. Box 2568
Columbus, GA 31902
Phone: (706) 649-7700

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 7, 2013, I electronically filed the foregoing **ANSWER** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: N/A

and I hereby certify that I have mailed by United States Postal Service the document and a copy of the Notice of Electronic Filing to the following non-CM/ECF participants:

Edward Lamar Bloodworth
P.O. Box 27193
Macon, Georgia 31221

                                    *s/ Sheetul S. Wall*
                                    SHEETUL S. WALL
                                    ASSISTANT UNITED STATES ATTORNEY
                                    Georgia Bar No. 734724

United States Attorney's Office
P. O. Box 2568
Columbus, GA 31902
Phone: (706) 649-7700