IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| **Edward Lamar Bloodworth** | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No.: 5:13cv112 (CDL) |
| v. | * | |
| | * | |
| **United States of America and John and/or Jane Does,** | * | |
| | * | |
| | * | |
| Defendant(s). | * | |
| | * | |

**DEFENDANT UNITED STATES' RESPONSE TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

**PROCEDURAL HISTORY**

On March 28, 2013, Plaintiff filed his Complaint in this matter against the United States of America, Federal Protective Services, and Eighteen Unknown Federal Protective Service Agents of the Federal Protective Service in their individual capacities. (ECF No. 1, Compl.) Subsequently, Plaintiff filed a Motion for Leave to Proceed in Forma Pauperis. (ECF No. 2.) On April 2, 2013, the Court granted Plaintiff's IFP motion. (ECF No. 4, Order.) Within the same order, the Court dismissed the Federal Protective Service (FPS) and Plaintiff's state law tort claims, with prejudice. *Id.* Thus, the remaining parties are the United States pursuant to the Federal Tort Claims Act and John and/or Jane Does, pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971)[1]. *Id.*

---

[1] On September 9, 2013, Plaintiff filed his "Motion to Amend/Correct Complaint" adding several individual defendants in their official and individual capacities. Plaintiff did not obtain consent from Defendant prior to the filing. The Court has not yet ruled on whether Plaintiff will be allowed to amend his Complaint. To the best of Defendant's knowledge, none of the individuals have been served. Thus, as of the time of this response, the only individual defendants are "John and/or Jane Does." The United States does not concede that any of the unidentified individual

On July 11, 2013, the Court held a scheduling conference and entered an order setting the discovery schedule. (ECF No. 12, minute entry.) Plaintiff filed his motion for summary judgment pursuant to Fed.R.Civ.P. 56 on August 21, 2013. (ECF No. 17.) Plaintiff did not attach a separate statement of facts as required by Local Rule 56. Moreover, Plaintiff provided no supporting citations for facts stated in his motion and memorandum of law. Plaintiff gave only "statements in the form of issues or legal conclusions (rather than material facts)." L.R. 56. Therefore, the Court should not consider these statements. *Id.*

## SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). A genuine issue of material fact only exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). Thus, summary judgment must be granted if there is insufficient evidence for a reasonable jury to return a verdict for the nonmoving party or, in other words, if reasonable minds could not differ as to the verdict. *See id.* at 249–52. When ruling on a motion for summary judgment, the court must view the facts in the light most favorable to the party opposing the motion. *Welch v. Celotex Corp.,* 951 F.2d 1235, 1237 (11th Cir.1992).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes

---

defendants are federal employees. Accordingly, counsel for the United States does not represent the unidentified individual defendants.

2

demonstrate the absence of a genuine issue of material fact" and that entitle it to a judgment as a matter of law. *Celotex,* 477 U.S. at 323 (internal quotation marks omitted). If the moving party discharges this burden, the burden then shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact. *See* Fed.R.Civ.P. 56(e); *see also Celotex,* 477 U.S. at 324–26.

## ARGUMENT

Plaintiff offers no supporting documents, records, or other evidence to support any of his factual assertions. Plaintiff offers nothing more than his own unsworn factual statements throughout his motion. Moreover, Plaintiff requests the Court enter judgment as a matter of law based on nothing more than Plaintiff's legal conclusions, without supporting authority. Thus, Plaintiff has not met his burden in showing any material facts, disputed or undisputed. In addition, Plaintiff has not met his burden in showing he is entitled to judgment as a matter of law on any issue in this case. Given that in a summary judgment motion all the facts are viewed in a light most favorable to the non-movant, the Court should deny Plaintiff's motion for summary judgment.

Plaintiff admits he is "not asking the Court to decide whether or not plaintiff's claim are valid, or whether the Affirmative Defenses put forth are adequate, or money damages or injunctive relief, but simply [whether a spouse can] be continually denied access to Court." (ECF No. 17, Pl. Br., p. 2). Plaintiff argues, with no supporting authority, that "[u]nder Immigration Law a 601 hearing absolutely requires the presence of a spouse, in fact the spouse in [sic] a more important witness than the Respondent." (*Id.* at p. 1). Essentially, it appears Plaintiff is asking this Court to rule, as a matter of law, that he was entitled to – but denied – access to an immigration court proceeding. Plaintiff does not cite to any legal authority for the proposition

that he is entitled to appear at his spouse's immigration proceeding. Moreover, Plaintiff states, "Much of [his] case is predicated on the fact that he was continually denied access …." (*Id.* at 2), but provides no factual support, other than his own unsworn statements, for the proposition that he was denied access to an immigration court proceeding.

## CONCLUSION

Plaintiff's motion for summary judgment is without merit. Plaintiff cannot show that there is no genuine issue of material fact with regard to the relief sought. Fed. R. Civ. P. 56. In fact, Plaintiff cannot show what the material facts in this case might be. Moreover, Plaintiff has failed to show he is entitled to judgment as a matter of law, partial or otherwise. *Id.* Accordingly, Plaintiff's motion for summary judgment should be denied.

    Respectfully submitted,

    MICHAEL J. MOORE
    UNITED STATES ATTORNEY

BY:   *s/ Sheetul S. Wall*
    SHEETUL S. WALL
    ASSISTANT UNITED STATES ATTORNEY
    Georgia Bar No. 734724

United States Attorney's Office
P. O. Box 2568
Columbus, GA 31902
Phone: (706) 649-7700

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2013, I electronically filed the foregoing **DEFENDANT UNITED STATES' RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing

to the following: N/A

and I hereby certify that I have mailed by United States Postal Service the document and a copy of the Notice of Electronic Filing to the following non-CM/ECF participants:

Edward Lamar Bloodworth
P.O. Box 27193
Macon, Georgia 31221

                                         *s/ Sheetul S. Wall*
                                         SHEETUL S. WALL
                                         ASSISTANT UNITED STATES ATTORNEY
                                         Georgia Bar No. 734724

United States Attorney's Office
P. O. Box 2568
Columbus, GA 31902
Phone: (706) 649-7700