IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| EDWARD LAMAR BLOODWORTH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA and ) <br> JOHN and/or JANE DOES, ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION NO. 5:13-CV-112 (MTT) |

### ORDER

This matter is before the Court on the Plaintiff's motion to quash the subpoena to Dr. Roby Kerr (Doc. 26) and motion to compel (Doc. 28). At the status conference held on December 20, 2013, the Plaintiff stated he is no longer objecting to the production of Dr. Kerr's records and would make arrangements to obtain the release of those records. Further, the Defendants clarified that they have produced all relevant, non-privileged documents in their possession, and the information the Plaintiff seeks in his motion to compel is in the possession of a federal agency which is not a party to this action. Accordingly, the Plaintiff's motion to quash is **DENIED as moot**, and the Plaintiff's motion to compel is **DENIED**.

Also currently pending is the Plaintiff's motion to amend his complaint. (Doc. 18). The Defendants have suggested that the Plaintiff no longer wishes to pursue joining the individuals he identified in his motion, but at the status conference, the Plaintiff seemed to indicate he still wanted to join these individuals. The Defendants' counsel mentioned that the Plaintiff may not be able to join these individuals because the statute of

limitations has run unless the Court finds the Plaintiff's claims against the proposed Defendants relate back to the filing of his complaint. The Court found this to be an interesting comment given that the Defendants did not oppose the Plaintiff's motion. The Court understands the Defendants' counsel does not currently represent those individuals (but presumably will if they are joined), but an obvious statute of limitations issue seems to be the sort of argument that counsel would raise in response to the Plaintiff's motion to show his motion is futile.

Now that the Defendants' counsel has raised the matter, it appears the Plaintiff has not alleged facts that would demonstrate his claims against the parties he seeks to join are timely. Accordingly, the Plaintiff's motion to amend is **DENIED without prejudice**. If the Plaintiff believes his claims against the proposed Defendants would be timely, he can renew his motion to amend, with an attached proposed amended complaint containing allegations tending to establish his new claims are timely, by **January 17, 2014**.

**SO ORDERED,** this the 6th day of January, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT