IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| EDWARD LAMAR BLOODWORTH,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>UNITED STATES OF AMERICA and  )<br>JOHN and/or JANE DOES,  )<br>)<br>Defendants.  )<br>)  | CIVIL ACTION NO. 5:13-CV-112 (MTT) |

## ORDER

This matter is before the Court on the Plaintiff's motion to amend his complaint (Doc. 48) and motion to appoint counsel (Doc. 57). The Plaintiff filed his first motion to amend his complaint on September 9, 2013. (Doc. 18). That motion was denied on January 6, 2014, and the Plaintiff was instructed to renew his motion and attach a proposed amended complaint by January 17 if he still wished to amend his complaint. (Doc. 47). The Plaintiff filed his second motion to amend on January 15 but failed to attach a proposed amended complaint. The Court then ordered the Plaintiff to file a proposed amended complaint separate from his motion. (Doc. 49). The Plaintiff again failed to file a separate proposed amended complaint and, instead, filed a lengthier version of his motion to amend which jumbles together his allegations, claims, and arguments. (Doc. 50).

The Plaintiff seeks to amend his complaint to add eight individual defendants. The Plaintiff claims he did not learn the identities of these individuals until discovery began in this case. The Defendant argues that allowing the amendment would be futile

because all of these individuals are entitled to qualified or absolute immunity and any claims that occurred prior to September 9, 2011 are barred by the statute of limitations.[1] The Defendant contends the proposed defendants are entitled to immunity because the Plaintiff does not make any specific allegations against any of them and instead lumps them together under legally conclusive statements of liability.

The Court agrees with the Defendant. The Plaintiff has failed to allege facts specific to any individual's conduct and instead collectively accuses them of committing civil conspiracy and violating his various constitutional rights.[2] Without any allegations as to each individual's conduct, he has failed to identify any constitutional or statutory violations caused by the individuals, and therefore, the proposed defendants are entitled to qualified immunity.[3] Accordingly, the Plaintiff's motion to amend is **DENIED**.[4]

---

[1] Contrary to the Plaintiff's assertions, the Defendant did not waive its right to oppose his motion to amend nor did the Court state the Defendant was limited to opposing the motion on statute of limitations grounds only.

[2] The Plaintiff does identify particular individuals who he alleges confronted or assaulted him on May 25, 2011 and June 8, 2011. (Doc. 50 at 2). However, any claims arising from events on those dates are barred by the two-year statute of limitations for *Bivens* claims because the Plaintiff did not seek leave to amend his complaint until September 9, 2013. These claims are not saved by relation pack pursuant to Fed. R. Civ. P. 15(c)(1)(C) because the evidence and "the [P]laintiff's conduct compel the conclusion that the failure to name the prospective defendant[s] in the original complaint was [not] the result of … a mistake concerning the proper defendant[s'] identit[ies]." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 552 (2010).

[3] Judge Cassidy is entitled to absolute immunity because the Plaintiff has failed to allege that any of Judge Cassidy's actions were taken "in clear absence of all jurisdiction." *Stevens v. Holder*, 950 F. Supp. 2d 1282, 1291 (N.D. Ga. 2013) (citations omitted). Interestingly, the Plaintiff submitted a declaration from a "courtroom observer" who attended the Plaintiff's wife's hearing in October 2011 but "did not observe Judge Cassidy saying or doing anything that was unprofessional, inappropriate, or in any way out of the ordinary." (Doc. 48-1 at ¶ 6).

[4] The Plaintiff's motion for an order on whether Cassidy is entitled to immunity is **DENIED as moot**. (Doc. 51).

Regarding the Plaintiff's motion to appoint counsel, "the court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *see also Hunter v. Dept. of Air Force Agency*, 846 F.2d 1314, 1317 (11th Cir.1988) (stating that decision is within discretion of district court). Rather, "it is a privilege that is justified only by exceptional circumstances." *Wahl*, 773 F.2d at 1174. In exercising its discretion regarding whether to appoint counsel for an indigent party, "the district court typically considers, among other factors, the merits of the plaintiff's claim and whether the claim is factually or legally so complex as to warrant the assistance of counsel." *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).

Here, the Plaintiff asserts that he should be appointed counsel because the issues in his case are complicated. Even assuming the Plaintiff's claims have merit, appointment of counsel is unwarranted because the Plaintiff has not made any showing that his claims are factually or legally complex. *See Wahl*, 773 F.2d at 1174 (finding that exceptional circumstances were not established where essential facts and legal doctrines were ascertainable without assistance of court-appointed counsel). Accordingly, because the Plaintiff has not shown the existence of exceptional circumstances necessary to justify the appointment of counsel, the motion to appoint counsel is **DENIED**.

**SO ORDERED,** this the 14th day of February, 2014.

> S/ Marc T. Treadwell
> MARC T. TREADWELL, JUDGE
> UNITED STATES DISTRICT COURT